UNITED STATES of America, Appellee,

v.

Clarence R. SEARS, Jr.,
Defendant-Appellant.

No. 182, Docket 76–1154.

United States Court of Appeals,
Second Circuit.

Argued Sept. 1, 1976.

Decided Oct. 26, 1976.

586

Sheila Ginsberg, New York City (William J. Gallagher, The Legal Aid Society, Federal Defender Services Unit, New York City, of counsel), for defendant-appellant.

Robert J. Jossen, New York City (Robert B. Fiske, Jr., U. S. Atty. for the Southern District of New York, Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before KAUFMAN, Chief Judge, and FEINBERG and VAN GRAAFEILAND, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Clarence R. Sears, Jr. appeals from a judgment of conviction entered on April 5, 1976, after a jury trial in the Southern District of New York before Judge John M. Cannella. Appellant, who was charged in a two-count indictment with collecting and attempting to collect extensions of credit by extortionate means,[1] 18 U.S.C. § 894, does not question the sufficiency of the evidence adduced against him. His only assertion of error is that a supplemental instruction given by Judge Cannella in response to an inquiry by the jury was erroneous and prejudicial. We do not agree and affirm the judgment of conviction.

We reach our decision to affirm not without some difficulty. Although we find no merit in appellant's specific claim on appeal, we view the charges against him as a trifling example of the class of activities Congress intended to regulate through Title II of the Consumer Credit Protection Act. Appellant contends that the loan in question was one between two friends and that his threats of violence were never seriously intended as a method of obtaining repayment. There was substantial evidence to sustain this contention, and the case was a close one. Nevertheless, we have concluded that, although somewhat trivial, it is within the reach of 18 U.S.C. § 894, *Perez v. United States*, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971); *United States v. Andrino*, 501 F.2d 1373 (9th Cir. 1974), and we may not substitute our own view of the evidence for that of the jury. *United States v. Simon*, 425 F.2d 796, 799 (2d Cir. 1969), *cert. denied*, 397 U.S. 1006, 90 S.Ct. 1235, 25 L.Ed.2d 420 (1970).

The jury was entitled to find that in July 1975, James Johnson, a letter carrier with the postal service, asked Sears for a loan. Johnson wanted to borrow $2,000 for the down payment on a house. He had previously borrowed money from Sears and had repaid it with interest. Appellant, who was also a postal employee, loaned Johnson $2,000 in cash in early August 1975. The loan was to be repaid in three months.

In October 1975, Sears demanded repayment, but only $1,000 was paid. On November 5, 1975, he approached Johnson at the Boulevard Station Post Office in the Bronx where both men worked and demanded the rest of his money. He then said, "[i]f you don't have that money by Friday, I am coming to your house with my piece and I am going to blow you away."[2] On Friday, November 7, Johnson reported Sears' threat to the postal inspectors, who directed him to call Sears while they recorded the conversation.

1. On the last day of the trial, Judge Cannella granted Sears' motion to consolidate the two counts in the indictment. Accordingly, the jury returned only a single verdict of guilty.

2. Johnson testified that he had seen a gun in Sears' home.

During the telephone conversation, Johnson told Sears how fearful the latter's statement had made him, and Sears responded that he had meant what he said. In addition, the defendant stated that he could pay $50 and have Johnson "wasted". In the end, Sears agreed to allow Johnson to repay the debt in $100 installments. The defendant assured Johnson that he would not give him any more trouble and that he had become angry only because of Johnson's attempt to avoid him. On the following Monday, Sears was arrested.

At trial, Sears offered testimony to show that the loan was made in June instead of August. According to the defense, Johnson had reneged on his promise to repay in mid-September and was avoiding Sears. Appellant admitted telling Johnson that he would come to the latter's house with his gun. He also testified that he intended his words to have a "psychological" effect on Johnson which would induce him to repay the loan. However, Sears claimed his angry words were the result of Johnson's refusal to pay or even meet with him and his need for the money to help his sick wife. Sears denied that he ever owned a gun and stated that he never intended to harm Johnson. Several witnesses testified concerning appellant's good character and his reputation for peacefulness.

After Judge Cannella charged the jury and there had been some deliberation, the jurors returned and asked the judge to restate the elements of the crime. Appellant raises no objection concerning the supplemental instructions then given. After further deliberations, the jury again returned to the courtroom. The jury's note stated that the jurors were confused regarding what constituted extortion or a threat under the law and asked:

[S]pecifically, must the victim feel frightened as a result of what is said or does the fact that . . . a threat was made stand by itself?

Judge Cannella answered as follows:

In the first place, you recall the statute says that extortionate means is defined as follows: Any means which involves the use or an express or implicit threat or use of violence or other criminal means to cause harm to the person, reputation or property of any individual. So that is what we mean by an extortionate means. Extortion as far as this statute is concerned includes any act or statement which constitutes a threat if it instills fear in the person to whom they [sic] are directed or are reasonably calculated to do so in the light of the surrounding circumstances. In answer to your specific question, must the victim feel frightened as a result of what is said? No, [it] doesn't make any difference whether he gets frightened or not. In reference to the second part of it, does the fact that the threat was made stand by itself? Yes. In other words, you are to consider what the defendant said and what he intended the effect that would have on the other person. What he, the sayer, the deliverant, what he intended that statement, what effect that would have on Johnson. So the fact that Johnson was or was not afraid actually as a fact is not relevant in this case. What is relevant is when Sears said that, what did he intend to convey to Johnson? Did he intend to put him in fear? Did he intend to use his language, to use psychological force to force him to pay this? If that is what he intended, then he violated the law.

Appellant concedes, as he must, that Judge Cannella's answer to the first prong of the jury's question was correct. Actual fear on the part of the victim is not an element of an offense under 18 U.S.C. § 894. *United States v. Natale*, 526 F.2d 1160, 1168 (2d Cir. 1975), *cert. denied,* 425 U.S. 950, 96 S.Ct. 1724, 48 L.Ed.2d 193 (1976); *see United States v. De Lutro*, 435 F.2d 255 (2d Cir. 1970), *cert. denied,* 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971). However, appellant argues strenuously that the trial court's answer to the second part of the jury's question should have been in the negative as well; that instead of permitting the jury to assess appellant's statements in their proper context and in light of all the circumstances,

this answer directed the jury to concentrate only on what Sears had said and intended. The jury, appellant says, was thus diverted from its consideration of the effect which Sears' statements had or reasonably should have had on Johnson. While we agree that appellant's statements should not be evaluated, divorced from their surrounding circumstances, we do not agree that the trial court's supplemental charge had that effect. Having correctly instructed the jury as to all the essential elements of the crime, the court was simply paraphrasing what we said in *United States v. Natale, supra,* 526 F.2d at 1168, that "it is the conduct of the defendant, not the victim's individual state of mind, to which the thrust of the statute is directed."

 In his main charge, Judge Cannella emphasized that the jury was to consider all of the circumstances which surrounded the transaction in determining whether Sears' statements constituted threats under the statute. The trial judge again highlighted the importance of the surrounding circumstances in his supplemental charge. It is not sufficient, however, in proving a violation of 18 U.S.C. § 894 to show that a statement, viewed objectively in light of the surrounding circumstances, would reasonably cause an ordinary person to become fearful. Fear must be the intended result of the defendant's act. *United States v. Curcio,* 310 F.Supp. 351, 357 (D.Conn.1970) (Timbers, *J.*). The threat must be "knowingly" made. 18 U.S.C. § 894(a). *See United States v. De Stafano,* 429 F.2d 344, 347 (2d Cir. 1970), *cert. denied,* 402 U.S. 972, 91 S.Ct. 1656, 29 L.Ed.2d 136 (1971). "It is [the] 'calculated' use of threatening gestures or words to collect credit extensions which Congress has made criminal." *Natale, supra,* at 1168. The trial judge had a duty to bring home to the jury the importance of this element of the crime. In meeting this responsibility, Judge Cannella neither stated nor implied that the jury was to disregard his earlier instructions regarding what constituted a threat. Looking at the trial court's instructions as a whole, *United States v. Park,* 421 U.S. 658, 674–75,

95 S.Ct. 1903, 44 L.Ed.2d 489 (1975), we do not find them erroneous.

Finding no error in the trial court's supplemental charge, we must affirm the appellant's conviction. In doing so, we note that Judge Cannella wisely and compassionately suspended the imposition of sentence and placed appellant on probation for a period of three years.